# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THK Properties, LLC, *et al.*, | : |
| *Plaintiffs*, | : Case No. 1:23-cv-00562 |
| vs. | : |
| Frankenmuth Insurance Company, | : Judge Jeffery P. Hopkins |
| *Defendant*, | : |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Bifurcation and Stay of Bad Faith and Punitive Damages (the "Motion") (Doc. 6). For the reasons below, Defendant's Motion (Doc. 6) is **DENIED**.

## I.  BACKGROUND

On August 16, 2023, Plaintiffs THK Properties, LLC, and Thomas H. Koerner (together, "Plaintiffs") sued Defendant Frankenmuth Insurance Company ("Frankenmuth Insurance") in the Butler County Court of Common Pleas, for claims breach of contract and bad faith, along with a request of punitive damages. *See generally*, Doc. 2. The action was removed to this Court on September 7, 2023. Doc. 1. On October 19, 2023, Frankenmuth Insurance filed the Motion requesting to bifurcate and stay the bad faith and punitive damages claims pending resolution of the breach of contract claim. Doc. 6. The Motion is now before the Court.

II.     LAW AND ANALYSIS

Motions to bifurcate are governed by Federal Rule of Civil Procedure 42(b), which permits the Court in its discretion to bifurcate claims "[f]or convenience, to avoid prejudice, or to expedite and [to] economize." *Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1148 (S.D. Ohio 2021) (quoting Fed. R. Civ. P. 42(b)). To determine if bifurcation is appropriate, the court considers:

> (1) whether bifurcation would be conducive to expedition of litigation and to efficient judicial administration; (2) whether bifurcation would prejudice the parties; and (3) whether the issues sought to be tried separately are significantly different.

*General Elec. Credit Union v. National Fire Ins. of Hartford*, No. 1:09-cv-143, 2009 WL 3210348, at *2 (S.D. Ohio Sept. 30, 2009); *see also Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997) ("Bifurcation orders are reviewed for abuse of discretion, with the court required to consider the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy."). Importantly, the insurer "cannot meet its burden merely by stating that it will be prejudiced—it must present *specific evidence* to support that assertion." *Bonasera*, 518 F. Supp. 3d at 1149 (emphasis added). Only one of the above three factors needs to be satisfied to justify bifurcation. *See Saxion v. Titian-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

Frankenmuth Insurance makes three main arguments in support of its Motion: (1) bifurcation is necessary to avoid prejudice against the insurer; (2) bifurcation will prevent juror confusion and disclosure of privileged material; and (3) bifurcation will serve the judicial economy. *See generally*, Doc. 6. The Court addresses each argument in turn.

## A. Prejudice.

First, Frankenmuth Insurance contends that bifurcating the bad faith and punitive damages claims is necessary to prevent it from suffering from prejudice as an insurer. Doc. 6, PageID 75. Frankenmuth Insurance argues that defending against these claims will cause prejudice because it would necessitate the presentation of evidence "regarding its investigator's mental impressions and . . . good faith effort to resolve the matter." *Id.* In essence, Defendants assert that evidence proffered to prove bad faith and punitive damages is inherently prejudicial. Federal courts in Ohio, however, have not been so persuaded "that defendants in bad faith cases will automatically suffer prejudice or that a stay of discovery on the bad faith issues is always warranted." *Winter Enterprises, LLC v. W. Bend Mut. Ins. Co.*, No. 1:17-CV-360, 2018 WL 11358421, at *3 (S.D. Ohio Aug. 1, 2018) (quoting *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, No. 1:03-cv-1322, 2004 WL 5690159, at *3 (N.D. Ohio Feb. 19, 2004)). The "decision [to] order[] bifurcation is dependent on the facts and circumstances of each case." *Saxion*, 86 F.3d at 556. In this instance, Frankenmuth Insurance's bald assertion of prejudice, without more *specific evidence*, falls well short of meeting its burden. Accordingly, Frankenmuth Insurance's prejudice argument does not weigh in favor of bifurcation.

## B. Juror Confusion and Disclosure of Privileged Material.

Frankenmuth Insurance also argues that "information regarding the bad faith claim and punitive damages claim may overwhelm the decisionmaker . . . and . . . may allow Plaintiff to peer into privileged material." Doc. 6, PageID 76. This argument, however, amounts to nothing more than speculation and for that reason is unconvincing. While this Court has held that, "the simple fact that breach of contract of insurance coverage and bad

faith claims will be tried jointly give sufficient reason to believe that jury confusion would result." *Wolkosky v. 21st Cent. Centennial Ins. Co.*, No. 2:10-CV-439, 2010 WL 2788676, at *5 (S.D. Ohio July 14, 2010). And, while issues of privilege can provide a basis for bifurcation in insurance cases, the insurer, who bears the burden of proof on a motion to bifurcate, "must make a 'specific showing' of how the bad-faith claim will prejudice its defense of the underlying claim." *Bonasera,* 518 F. Supp. at 1148 (citation omitted). Frankenmuth Insurance has made no such specific showing of juror confusion or prejudice related to privilege. On the record presently before the Court, it clear that bifurcation for purposes of juror confusion or disclosure of privileged materials is unwarranted.

    **C.    Judicial Economy.**

Finally, Frankenmuth Insurance argues that judicial economy will be served by bifurcation. Doc. 6, PageID 76–77. Frankenmuth Insurance contends that bifurcation will be more efficient because resolution Plaintiffs' breach of contract claim in Frankenmuth Insurance's favor will moot the bad faith and punitive damages claims. *Id.* Yet, a resolution of a breach of contract claim does not necessarily preclude a bad faith claim as a matter of law. *See Klein v. State Farm Fire & Cas. Co.*, 250 Fed. App'x. 150, 156–57, n. 5 (6th Cir. 2007) (recognizing that a bad-faith claim against an insurer was "independent of the contract of insurance"). Indeed, this Court has refused to bifurcate and stay bad-faith claims where a defendant may have acted in bad faith by failing to investigate a plaintiff's insurance claim even though the Court noted that the plaintiff may ultimately fail to establish an underlying breach of contract. *See Poneris v. Pennsylvania Life Ins. Co.*, No. 1:06-cv-254, 2007 WL 3047232, at *2–3 (S.D. Ohio Oct. 18, 2007) ("The Court finds that the Sixth Circuit has not specifically foreclosed recovery on a bad faith tort claim in circumstances where the underlying breach of

4

contract claim failed."). For these reasons, the Court finds that Frankenmuth Insurance has not meet its burden of showing that bifurcation would be conducive to expeditious litigation and efficient judicial administration.

## III. CONCLUSION

For the reasons stated, the Court **DENIES** Defendant's Motion for Bifurcation and Stay of Bad Faith and Punitive Damages (Doc. 6).

**SO ORDERED**

June 13, 2024

Jeffery P. Hopkins
United States District Judge